IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-02-GPM |
| ) | |
| RICHARD HARRINGTON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate at the Pontiac Correctional Center (Pontiac), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

On or about March 2, 2006, while confined at the Big Muddy Correctional Center (Big Muddy), Plaintiff and another inmate, Gerald Donaldson, got into a heated argument. During the confrontation, Plaintiff lifted Donaldson from the ground. Donaldson landed on his head, an action which killed him. These facts are not disputed by Plaintiff or prison officials. There is a difference, however, between Plaintiff and prison officials concerning the circumstances surrounding Donaldson's death.

Reading the complaint and attached exhibits in the light most favorable to Plaintiff, during the confrontation, Donaldson approached Plaintiff with a pencil intending – so Plaintiff feared – to stab Plaintiff with it. Plaintiff asserts that he lifted Donaldson off the ground in an act of self-defense. Consequently, Donaldson's death is merely the unintended consequence of Plaintiff's justified act of self-defense.

Prison officials viewed events differently. Immediately after the incident, Plaintiff was

placed on "investigative status" and transferred from Big Muddy to Pontiac (with a brief stop in between at Pinckneyville Correctional Center). On March 27, 2006, Defendant Schular, a corrections officer at Big Muddy, issued Plaintiff a disciplinary report charging Plaintiff with "violent assault" and "violating state/federal law" (i.e. committing murder in violation of state law). Both of these were violations of prison rules. It appears that this disciplinary report was based, in part, on an investigation conducted by Defendant Harrington, also a corrections officer at Big Muddy.

On March 30, 2006, an Adjustment Committee headed by Defendant Dallas conducted a hearing on the disciplinary report. The Committee found Plaintiff guilty of the infractions, and the following disciplinary sanctions were imposed: (1) one year C-grade; (2) indefinite confinement on administrative segregation; (3) loss of one year of good conduct credit; (4) one year audio/visual restriction; (5) one year commissary restriction; (6) one year yard restriction; and (7) one year no contact visits. Plaintiff appealed/grieved this finding and his punishment, but on July 25, 2006, the findings of the Adjustment Committee where upheld on review by the Administrative Review Board, which was chaired by Defendant Miller.

Outside prison walls, Plaintiff was charged in state court with first-degree murder in connection with Donaldson's death. But, according to the complaint, state prosecutors began to have some doubts about the testimony provided by Defendant Harrington. As a result, state prosecutors dismissed the murder charges in March 2007. A few months later, however, Plaintiff was charged in state court with involuntary manslaughter. According to the complaint, the manslaughter charge was based on evidence other than Defendant Harrington's testimony and report.

In September 2009, after a jury trial, Plaintiff was found not guilty of involuntary manslaughter. Using the jury verdict from his state criminal case as a sword, Plaintiff seeks to attack the decision of the Adjustment Committee finding him guilty of violating prison rules. The Court liberally construes the complaint as attempting to assert a Due Process claim challenging the findings of the Adjustment Committee and the Administrative Review Board. For relief, Plaintiff seeks to have the disciplinary actions expunged, his lost good conduct credit restored, and damages for the time he has been under the disciplinary restrictions.

In addition to his claims concerning the disciplinary proceedings, Plaintiff also challenges the conditions under which he was confined when he first arrived at Pontiac. Specifically, Plaintiff asserts that from March 2, 2006, to March 9, 2006, he was held in a "stripped cell completely naked without clothes, sheets, mattress or anything else except a concrete slab forced to endure harsh cold weather and eat with his hands." Plaintiff states that he was placed in the "strip cell" for "retaliation." Plaintiff filed a grievance concerning these conditions, but on May 17, 2006, this grievance was denied on review by the Administrative Review Board chaired by Defendant Miller. The Court liberally construes the complaint as attempting to assert an Eighth Amendment claim concerning the conditions under which he was held at Pontiac. The Court also construes the complaint as attempting to assert a retaliation claim.

### DISCUSSION

**A. Due Process claim (disciplinary reports)**

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due

process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id*. In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id*. Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id*.

In the case currently before the Court, Plaintiff received as punishment: (1) one year C-grade; (2) indefinite confinement on administrative segregation; (3) loss of one year of good conduct credit; (4) one year audio/visual restriction; (5) one year commissary restriction; (6) one year yard restriction; and (7) one year no contact visits. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois.

A loss of good conduct credit, however, does implicate a liberty interest because such a loss

potentially affects the length of Plaintiff's sentence. As such, Plaintiff does present a cognizable due process claim regarding good time credit revoked in this disciplinary proceeding. However, the proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. Ct. 2004), *citing Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. Ct. 1981). The State of Illinois first must be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*., to consider the merits of Plaintiff's Due Process claim. Accordingly, Plaintiff's Due Process claim is dismissed without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.[1]

### B. Eighth Amendment claims (conditions of strip cell)

With respect to Plaintiff's Eighth Amendment claims, § 1983 provides a private remedy for protecting constitutional rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "Section 1983 'is not

---

[1] Assuming Plaintiff's complaint sought damages only, where, as here, a judgment in Plaintiff's favor would necessarily imply the invalidity of the disciplinary hearing and resulting loss of good conduct credits, Plaintiff's Due Process claim is not cognizable under § 1983 unless and until Plaintiff has the disciplinary action overturned through some other means such as a habeas corpus action. *See Edwards v. Balisok*, 520 U.S. 641, 645-46 (1997); *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). A "favorable result" in Plaintiff's criminal case does not necessarily overturn the disciplinary action because disciplinary actions – when due process principles apply to them – need only be supported by "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). Given the much lower evidentiary standard applicable to prison disciplinary proceedings, a jury's finding of "not guilty" in a related criminal case does not automatically overturn the disciplinary action because a jury's guilty verdict must be supported by a much higher standard of evidence.

itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Id.*, *quoting Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).  In a § 1983 case, courts look to the personal injury laws of the state where the injury occurred to determine the statute of limitations.  *Wilson v. Garcia*, 471 U.S. 261, 280 (1985).  Illinois law provides a two-year statute of limitations for personal injury actions.  735 ILCS 5/13-202.  Therefore, § 1983 claims arising in Illinois are governed by a two-year statute of limitations.  *See Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993); *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992).  Federal law, however, governs the accrual of such claims.  *Kelly*, 4 F.3d at 511.

A § 1983 claim accrues when "a plaintiff knows or should know that his or her constitutional rights have been violated."  *Kelly*, 4 F.3d at 511.  In this case, Plaintiff's Eighth Amendment claim accrued from March 2 to March 9, 2006.  The statute of limitations, however, is tolled while a prisoner pursues his available state administrative remedies under 42 U.S.C. §1997e(a).  *Johnson v. Rivera*, 272 F.3d 519 (7th Cir. 2001).  In this case, Plaintiff pursued his grievance concerning conditions in the "strip cell" through the Administrative Review Board, which rendered a decision against him on May 17, 2006.  However, Plaintiff did not file this action until January 4, 2010. Because Plaintiff's complaint was not filed within the statute of limitations period, this claim does not survive review under 28 U.S.C. § 1915A.

### C.  Retaliation claim

Plaintiff's retaliation claim, like his Eighth Amendment claim, is filed too late and, therefore, must be dismissed.  Alternatively, even if not barred by the statute of limitations, Plaintiff's complaint fails to state a retaliation claim.  Plaintiff's complaint fails to identify the specific action(s) for which Defendants allegedly retaliated against him.  *See Higgs v. Carver*, 286 F.3d 437,

439 (7th Cir. 2002); *Muick v. Glenayre Electronics*, 280 F.3d 741, 743 (7th Cir. 2002). Accordingly, Plaintiff's complaint fails to state a retaliation claim.

### DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Plaintiff's claim that he was denied Due Process of law in connection with his disciplinary action is **DISMISSED** without prejudice. Plaintiff's Eighth Amendment claim concerning the conditions of the strip cell at Pontiac and his retaliation claim are **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of these claims will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: 07/01/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge